**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>                                    *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>FEDERAL EMERGENCY<br>MANAGEMENT AGENCY,<br>500 C Street SW<br>Washington, DC 20472,<br><br>U.S. DEPARTMENT OF DEFENSE<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600,<br><br>and<br><br>U.S. INTERNATIONAL DEVELOPMENT<br>FINANCE CORPORATION,<br>1100 New York Avenue NW<br>Washington, DC 20527<br><br>                                    *Defendants.* | Case No. 20-cv-1596 |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the U.S. Department of

Homeland Security, its related component agency, the Federal Emergency Management Agency,

the U.S. Department of Defense, and the U.S. International Development Finance Corporation

under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e)(1).

4.      Because Defendants have failed to comply with the applicable time-limit

provisions of FOIA, American Oversight is deemed to have exhausted its administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and is now entitled to judicial action enjoining

the agencies from continuing to withhold agency records and ordering the production of agency

records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3)

organization primarily engaged in disseminating information to the public. American Oversight

is committed to the promotion of transparency in government, the education of the public about

government activities, and ensuring the accountability of government officials. Through research

and FOIA requests, American Oversight uses the information gathered, and its analysis of such

information, to educate the public about the activities and operations of the federal government

through reports, published analyses, press releases, and other media. The organization is

incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Homeland Security ("DHS") is a department of the

executive branch of the U.S. government headquartered in Washington, DC, and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1).  DHS has possession,

custody, and control of the records that American Oversight seeks.

7.      Defendant Federal Emergency Management Agency ("FEMA") is a component

of DHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and

is headquartered in Washington, DC. FEMA has possession, custody, and control of the records

that American Oversight seeks.

8.      Defendant the U.S. Department of Defense ("DOD") is a department of the

executive branch of the U.S. government headquartered in Washington, DC, and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession,

custody, and control of the records that American Oversight seeks.

9.      Defendant U.S. International Development Finance Corporation ("DFC") is an

agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in

Washington, DC. DFC has possession, custody, and control of the records that American

Oversight seeks.

## STATEMENT OF FACTS

10.     In April and May of 2020, American Oversight submitted FOIA requests to DHS,

FEMA, DOD, and DFC seeking records relating to the agencies' response to the coronavirus

pandemic regarding the procurement and distribution of needed equipment and supplies.

### *Volunteer NDAs FOIA*

11.     On April 23, 2020, American Oversight submitted a FOIA request to DHS and

FEMA with internal tracking number DHS-20-1030 seeking the following records:

> 1.  All nondisclosure agreements or voluntary service agreements
> signed by individuals who are employees of Insight Partners,
> Flatiron Health Inc., or Welsh, Carson, Anderson & Stowe, or
> any other individuals employed by private companies providing

FEMA with volunteer staff to assist in the response to the coronavirus pandemic.

2.   Records reflecting the email addresses provided to DHS and/or FEMA by individuals who are employees of Insight Partners, Flatiron Health Inc., or Welsh, Carson, Anderson & Stowe. Individuals employed by these firms have reportedly assisted FEMA and/or DHS in efforts intended to respond to the coronavirus pandemic and were required to provide their email addresses to the federal government.

12.     The Volunteer NDAs FOIA sought all responsive records from February 24, 2020, through the date of the search.

13.     Through the Volunteer NDAs FOIA, American Oversight sought records maintained by both FEMA and DHS. American Oversight explained in its request that it understood DHS is processing all coronavirus-related records on FEMA's behalf, but the request was nonetheless submitted to FEMA as well as DHS, both for awareness and in the event that FEMA regains responsibility for processing such requests.

14.     American Oversight sought expedited processing of the Volunteer NDAs FOIA, citing, among other things, the urgent need to inform the public about federal decision-making regarding the management and prevention of the spread of the novel coronavirus, in particular the way in which the federal government emergency response is attempting to procure supplies and equipment, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

15.     On April 27, 2020, DHS acknowledged receipt of the Volunteer NDAs FOIA and assigned it reference number 2020-HQFO-00989. DHS also granted expedited processing of the request.

16.     On April 27, 2020, FEMA acknowledged receipt of the Volunteer NDAs FOIA

and assigned it reference number 2020-FEFO-00647. The acknowledgment letter stated that

FEMA's request was being referred to DHS for review and direct response.

17.     American Oversight has not received any further communication from DHS or

FEMA regarding the Volunteer NDAs FOIA.

*DHS/FEMA Volunteer Communications FOIA*

18.     On April 23, 2020, American Oversight submitted a FOIA request to DHS and

FEMA with internal tracking number DHS-20-1031, seeking the following records:

1.  All emails <u>sent</u> by individuals who are employees of Insight
    Partners or Flatiron Inc. in the course of official business
    conducted on DHS's or FEMA's behalf, including emails sent to
    potential and actual FEMA contractors. Eight individuals
    employed by Insight Partners reportedly conducted business on
    FEMA's behalf, and did so through non-official email accounts
    including through Gmail accounts.

2.  All emails <u>sent</u> by Acting Secretary Chad Wolf, Acting Chief of
    Staff John Gountanis, General Counsel Chad Mizelle,
    Administrator Peter Gaynor, Chief of Staff Eric Heighberger, or
    Rear Adm. John Polowczyk to any email address ending in
    gmail.com, insightpartners.com, flatiron.com, or wcas.com.

3.  All emails <u>sent</u> by Acting Secretary Chad Wolf, Acting Chief of
    Staff John Gountanis, General Counsel Chad Mizelle,
    Administrator Peter Gaynor or Chief of Staff Eric Heighberger,
    or Rear Adm. John Polowczyk containing any of the following
    key terms:

    a.  "Insight partners"
    b.  Flatiron
    c.  "Welsh, Carson"
    d.  WCAS
    e.  Jared
    f.  Kushner
    g.  jck@who.eop.gov
    h.  Cassidy.m.dumbauld@who.eop.gov
    i.  NDA
    j.  NDAs

      k.   "Nondisclosure agreement"
      l.   "Non-disclosure agreement"
      m.   "voluntary service agreement"

19.    The request also stated that the request was limited "to sent messages to reduce the volume of potentially responsive records," but specified that "American Oversight still requests complete email chains. So, for example, if a government official sent a response to an incoming message containing one of the key terms above, the email chain containing the initially received message and the response is responsive to this request."

20.    Through the DHS/FEMA Volunteer Communications FOIA, American Oversight sought records maintained by both FEMA and DHS. American Oversight explained in its request that it understood DHS is processing all coronavirus-related records on FEMA's behalf, but the request was nonetheless submitted to FEMA as well as DHS, both for awareness and in the event that FEMA regains responsibility for processing such requests.

21.    The DHS/FEMA Volunteer Communications FOIA sought all responsive records from March 20, 2020, through April 10, 2020.

22.    American Oversight sought expedited processing of the DHS/FEMA Volunteer Communications FOIA, citing, among other things, the urgent need to inform the public about federal decision-making regarding the management and prevention of the spread of the novel coronavirus, in particular the way in which the federal government emergency response is attempting to procure supplies and equipment, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

23.    On April 28, 2020, FEMA acknowledged receipt of the DHS/FEMA Volunteer Communications FOIA and assigned it reference number 2020-FEFO-00649. The

acknowledgment letter stated that "[i]t is [FEMA's] understanding that you submitted your request to DHS directly for review and direct response to you and FEMA was copied on for our visibility" and that "DHS will process your FOIA request and contact you regarding their release determination."

24.     On May 4, 2020, DHS acknowledged receipt of the DHS/FEMA Volunteer Communications FOIA and assigned it reference number 2020-HQFO-01017. The letter also stated that DHS would be coordinating a search with FEMA and responding directly on behalf of both DHS and FEMA and granted expedited processing for the request.

25.     American Oversight has not received any further communication from DHS or FEMA regarding the DHS/FEMA Volunteer Communications FOIA.

*DOD Volunteer Communications FOIA*

26.     On April 23, 2020, American Oversight submitted a FOIA request to DOD with internal tracking number DOD-20-1032, seeking the following records:

1.  All emails <u>sent</u> by Rear Admiral John Polowczyk or anyone acting as his chief of staff (or in a similar role) to any email address ending in gmail.com, insightpartners.com, flatiron.com, or wcas.com.

2.  All emails <u>sent</u> by Rear Admiral John Polowczyk or anyone acting as his chief of staff (or in a similar role) containing any of the following key terms:

    a.  "Insight partners"
    b.  Flatiron
    c.  "Welsh, Carson"
    d.  WCAS
    e.  Jared
    f.  Kushner
    g.  jck@who.eop.gov
    h.  Cassidy.m.dumbauld@who.eop.gov
    i.  NDA
    j.  NDAs
    k.  "Nondisclosure agreement"

       l.   "Non-disclosure agreement"
      m.  "voluntary service agreement"

27.    The request also stated that the request was limited "to sent messages to reduce the volume of potentially responsive records," but specified that "American Oversight still requests complete email chains. So, for example, if a government official sent a response to an incoming message containing one of the key terms above, the email chain containing the initially received message and the response is responsive to this request."

28.    The DOD Volunteer Communications FOIA sought all responsive records from March 20, 2020, through April 10, 2020.

29.    American Oversight sought expedited processing of the DOD Volunteer Communications FOIA, citing, among other things, the urgent need to inform the public about federal decision-making regarding the management and prevention of the spread of the novel coronavirus, in particular the way in which the federal government emergency response is attempting to procure supplies and equipment, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

30.    On April 29, 2020, DOD acknowledged receipt of the DOD Volunteer Communications FOIA and assigned it reference number 20-F-1005. DOD stated that the agency would be unable to respond within the FOIA's 20-day statutory time period as there are unusual circumstances that impact the request. DOD also denied expedited processing for the request and stated that the request had been placed in the agency's complex processing queue.

31.    American Oversight has not received any further communication from DOD regarding the DOD Volunteer Communications FOIA.

*DHS/FEMA Polowczyk Communications FOIA*

32.     On April 30, 2020, American Oversight submitted a FOIA request to DHS and

FEMA with internal tracking number DHS-20-1123, seeking the following records:

1.  All email communications (including emails, complete email
    chains, email attachments, calendar invitations, and calendar
    invitation attachments) between (a) Rear Adm. John Polowczyk,
    and (b) the Executive Office of the President (EOP) officials
    listed below:

    i.     Vice President Mike Pence
    ii.    National Security Advisor Robert O'Brien
    iii.   Assistant to the President and Deputy National Security
           Advisor Matthew Pottinger
    iv.    Former Assistant to the President and Senior Advisor to
           the Chief of Staff Robert Blair
    v.     Assistant to the President and Director of the Domestic
           Policy Council Joseph Grogan
    vi.    Assistant to the President and Deputy Chief of Staff for
           Policy Coordination Christopher Liddell
    vii.   Director of the National Economic Council Larry
           Kudlow
    viii.  White House Coronavirus Response Coordinator
           Deborah Birx
    ix.    Press Secretary to the Vice President Katie Miller
           (formerly Katie Waldman)
    x.     Director of the White House Office of Science and
           Technology Policy Kelvin Droegmeier
    xi.    White House Trade Adviser Peter Navarro
    xii.   White House Senior Adviser Jared Kushner

2.  All text messages or messages sent on messaging platforms
    (such as WhatsApp, Slack, GChat, Google Hangouts, Lync,
    Skype, or Jabber) between (a) Rear Adm. John Polowczyk, and
    (b) White House advisor Jared Kushner, including on both
    personal and official messaging accounts and devices.

33.     The DHS/FEMA Polowczyk Communications FOIA sought all responsive

records from February 1, 2020, through the date of the search.

34.     American Oversight sought expedited processing of the DHS/FEMA Polowczyk

Communications FOIA, citing, among other things, the urgent need to inform the public about

federal decision-making regarding the management and prevention of the spread of the novel coronavirus, in particular the way in which the federal government emergency response is coordinating the procurement of supplies and equipment, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

35.    On May 4, 2020, FEMA acknowledged receipt of the DHS/FEMA Polowczyk Communications FOIA and assigned it reference number 2020-FEFO-00671. The acknowledgment letter stated the request had been referred to DHS for review and direct response.

36.    On May 14, 2020, DHS acknowledged receipt of the DHS/FEMA Polowczyk Communications FOIA and assigned it reference number 2020-HQFO-01063. The letter also stated that DHS would be coordinating a search with FEMA and responding directly on behalf of both DHS and FEMA and granted expedited processing for the request.

37.    American Oversight has not received any further communication from DHS or FEMA regarding the DHS/FEMA Polowczyk Communications FOIA.

*Boehler White House Communications FOIA*

38.    On May 12, 2020, American Oversight submitted a FOIA request to DFC with internal tracking number DFC-20-1225 seeking the following records:

> All communications (including emails, email attachments, text messages, messages on messaging platforms (such as Jabber, Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), or calendar invitations) between (a) Adam Boehler and (b) any of the following individuals, including *but not limited to*, at the email addresses provided:
>
>    a.  Jared Kushner (jck@who.eop.gov)
>    b.  Cassidy Dumbauld (cassidy.m.dumbauld@who.eop.gov)
>    c.  Avi Berkowitz (avi@who.eop.gov)

> d. Ivanka Trump (imt@who.eop.gov)
> e. Julie Radford (julie.t.radford@who.eop.gov)
> f. Rachael Baitel (rachael.baitel@who.eop.gov, or any usaid.gov address associated with Ms. Baitel)
> g. Anyone communicating from an email address ending in ijkfamily.com, trumporg.com, trump.com, kushner.com, or kushnercompanies.com

39.     The Boehler White House Communications FOIA sought all responsive records from February 1, 2020, through the date of the search.

40.     With respect to the portion of the request seeking communications with Jared Kushner, American Oversight explained that, "[g]iven the reports establishing both that Mr. Kushner regularly uses WhatsApp messages for communications regarding official government business and Mr. Kushner's relationship with the relevant agency officials, the agency must conduct an adequate search for responsive WhatsApp messages 'reasonably calculated to uncover all relevant documents.'"[1] Specifically, American Oversight explained that "[a]n adequate search will likely require asking officials with knowledge to aid in identifying responsive records. Although many agencies have policies requiring that official text messages copy an agency employee's email address, an electronic search of email records would not be a sufficient search for this request because WhatsApp messaging applications do not have the technological capability to permit copying or forwarding to an email address."

41.     American Oversight sought expedited processing of the Boehler White House Communications FOIA, citing, among other things, the urgent need to inform the public about federal decision-making regarding the management and prevention of the spread of the novel coronavirus, in particular the process for obtaining needed equipment and supplies, in

---

[1] American Oversight's FOIA request provided citations to reports describing Mr. Kushner's WhatApp usage.

combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

42.     On May 22, 2020, DFC acknowledged receipt of the Boehler White House Communications FOIA and assigned it reference number 20-037. DFC stated that the agency will extend the time limits for processing due to unusual circumstances and denied expedited processing for the request. DFC informed American Oversight that it does not anticipate beginning processing of the request for at least 60 months.

43.     American Oversight has not received any further communication from DFC regarding the Boehler White House Communications FOIA.

*Boehler External Communications FOIA*

44.     On May 12, 2020, American Oversight submitted a FOIA request to DFC with internal tracking number DFC-20-1226 seeking the following records:

> 1.  All calendars or calendar entries for Adam Boehler, including any calendars maintained on behalf of Mr. Boehler, from January 1, 2020, to fourteen days after the date the search is conducted.
>
>     American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.
>
> 2.  All email communications (including emails, complete email chains, calendar invitations, and attachments thereto) <u>sent</u> by Adam Boehler to any email address ending in .com, .net, .org, .mil, .mail, or .edu, containing any of the following key terms (including as part of email addresses):
>
>     i.    POTUS
>     ii.   Jared
>     iii.  Kushner

    iv.  JCK
     v.  Berkowitz
    vi.  Dumbauld
   vii.  Baitel
  viii.  Insight
    ix.  Parekh
     x.  "Welsh, Carson"
    xi.  WCAS
   xii.  Caluori
  xiii.  Flatiron
  xiv.  Turner
   xv.  "Boston Consulting Group"
  xvi.  BCG
 xvii.  McKinsey
xviii.  VIP
  xix.  "V.I.P."
   xx.  PPE
  xxi.  Airbridge
  xxii.  "Air bridge"
 xxiii.  FedEx
 xxiv.  Oscar
  xxv.  Volunteer

45.     With respect to Part 1 of the request, American Oversight explained that it was requesting "all calendars and calendar entries as they exist on the date DFC's search is run, with a date range of January 1, 2020 through fourteen days after when the search is run. So, for example, if DFC runs the search on May 15, 2020, DFC should produce records of calendars and calendar entries from January 1, through May 30, 2020."

46.     With respect to Part 2 of the request, American Oversight explained that the request was limited "to sent messages to reduce the volume of potentially responsive records," but specified that "American Oversight still requests complete email chains. So, for example, if a government official sent a response to an incoming message containing one of the key terms above, the email chain containing the initially received message and the response is responsive to this request."

47.     The Boehler External Communications FOIA sought all responsive records for Part 2 of the request from March 1, 2020, through the date of the search.

48.     American Oversight sought expedited processing of the Boehler External Communications FOIA, citing, among other things, the urgent need to inform the public about federal decision-making regarding the management and prevention of the spread of the novel coronavirus, in particular the process for obtaining needed equipment and supplies, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public..

49.     On May 22, 2020, DFC acknowledged receipt of the Boehler External Communications FOIA and assigned it reference number 20-038. DFC stated that the agency will extend the time limits for processing due to unusual circumstances and denied expedited processing for the request. DFC informed American Oversight that it does not anticipate beginning processing of the request for at least 63 months.

50.     American Oversight has not received any further communication from DFC regarding the Boehler External Communications FOIA.

*Exhaustion of Administrative Remedies*

51.     As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

52.     Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

53.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

54.     American Oversight properly requested records within the possession, custody, and control of Defendants.

55.     Defendants are agencies and components thereof subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

56.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

57.     Defendants' failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

58.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

59.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

60.     American Oversight properly requested records within the possession, custody, and control of Defendants.

61.     Defendants are agencies and components thereof subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

62.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

63.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

64.     Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

65.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive

to American Oversight's FOIA requests and indexes justifying the withholding of any

responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records

responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable

attorneys' fees and other litigation costs reasonably incurred in this action, pursuant

to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: June 17, 2020                          Respectfully submitted,

                                              */s/ Emma Lewis*
                                              Emma Lewis
                                              D.C. Bar No. 144574

                                              */s/ Katherine Anthony*
                                              Katherine Anthony
                                              D.C. Bar No. 1630524

                                              AMERICAN OVERSIGHT
                                              1030 15th Street NW, B255
                                              Washington, DC 20005
                                              (202) 919-6303
                                              emma.lewis@americanoversight.org
                                              katherine.anthony@americanoversight.org

                                              *Counsel for Plaintiff*